**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1004**

THEODORE GRANGE,

        Plaintiff – Appellant,

    v.

SOUTHEASTERN MECHANICAL SERVICES, INCORPORATED,

        Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   J.  Frederick  Motz,  Senior  District Judge.  (1:09-cv-02725-JFM)

Submitted:  April 28, 2011         Decided:  May 3, 2011

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Theodore Grange, Appellant Pro Se.  Precious Murchison Gittens, GREENBERG TRAURIG, LLP, Washington, D.C.; David W. Long-Daniels, Natasha L. Wilson, GREENBERG TRAURIG LLP, Atlanta, Georgia; John Francis Scalia, GREENBERG TRAURIG, LLP, McLean, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theodore Grange appeals the district court's order granting Southeastern Mechanical Services, Inc.'s motion for summary judgment on Grange's race discrimination claim, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010). Finding no reversible error, we affirm.

We review de novo a district court's grant of summary judgment. Howard v. Winter, 446 F.3d 559, 565 (4th Cir. 2006). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c).

To establish his discrimination claim, Grange was first required to establish a prima facie case of discrimination under the burden-shifting framework adopted by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Thus, Grange was required to show that (1) he belongs to a protected class; (2) he applied and was qualified for a job for which Southeastern Mechanical was seeking applicants; (3) despite his qualification, he was rejected; and (4) after

2

his rejection, the position remained open and the employer continued to seek applicants.

We hold that Grange failed to establish a prima facie case of discrimination and, therefore, we need not proceed under the McDonnell Douglas framework.  Grange could not show that he was qualified and rejected despite his qualifications.  In fact, the evidence showed that Southeastern Mechanical Services did not hire Grange as a welder because he failed his pre-employment welding test.

Accordingly, we affirm the district court's judgment. Consequently, we deny Grange's motion to appoint counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED